

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

FILED
RICHARD W. HAGEL
CLERK OF COURT

'21 OCT -5 PM 2:06

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| ANGELA V. DUDLEY, | : | CIVIL ACTION NO. |
| 23818 Rushmore Dr. | : | 2 2 1 C V 4 9 6 1 |
| Richmond Heights, OH 44143, | : | |
| | : | JUDGE  Judge Morrison |
| Plaintiff, | : | MAGISTRATE JUDGE JOLSON |
| | : | MAGISTRATE JUDGE |
| v. | : | |
| | : | **COMPLAINT** |
| OHIO DEPARTMENT OF PUBLIC | : | |
| SAFETY, | : | |
| 1970 W. Broad St. | : | |
| Columbus, OH 43223, | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : | |

## I. Preliminary Statement

1. This action seeks back pay, compensatory damages; declaratory, injunctive and equitable relief; prejudgment and post-judgment interest; for the violation of Title VII of the Civil Rights Act of 1964 committed by Defendant when it retaliated through harassment, including removal from a promotional list to prevent further promotions, and unequal terms and conditions of employment, against Plaintiff for filing administrative charges of discrimination and retaliation and/or opposing practices she sincerely and reasonably believed were discriminatory and retaliatory.

1

## II. Jurisdiction and Venue

2. This action brings a retaliation claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, pursuant to a right-to-sue notice, dated July 21, 2021, from the Equal Employment Opportunity Commission (EEOC) and received by Plaintiff less than 90 days ago.

3. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 (federal question); and 1343 (civil rights).

4. Declaratory, equitable, and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201; 2202.

5. Compensatory damages may be awarded under Title VII, 42 U.S.C. § 1981a.

6. Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because Defendant's headquarters is located in Franklin County, Ohio.

## III.  Parties

7. Plaintiff Angela V. Dudley is an African-American female who has been employed by Defendant since 1997, starting as an Enforcement Agent and currently serving as an Assistant Agent in Charge of the Cleveland District of the Ohio Investigative Unit; earned both a Bachelor's and Master's degree in Criminal Justice; and a Ph.D. in January 2015 in the Business/Criminal Justice field; serves as an Adjunct Professor on Criminal Justice since 2010; and earned an Associate's Degree in Applied Science in Specialized Technology Funeral Service Arts and Sciences in 2017.

**8.** Defendant Ohio Department of Public Safety is an agency of the State of Ohio that, at all times material to this action, employed Plaintiff in its Ohio Investigative Unit, a unit that enforces state, federal and local laws mainly pertaining to liquor, food stamp, and tobacco offenses, trains other law enforcement personnel on enforcing those laws, and educates the public regarding those laws.

**IV.    Facts**

**9.** Plaintiff was promoted to Assistant Agent in Charge on March 11, 2001 and has been an Assistant Agent in Charge for 20 years and has the most tenure regardless of rank in the Ohio Investigative Unit.

**10.** During her tenure Plaintiff filed several charges of discrimination or retaliation and persistently opposed treatment she sincerely and reasonably believed was discriminatory or retaliatory.

**11.** Defendant had successfully defended against many of those charges and resented Plaintiff bringing them.

**12.** In March 2015, Plaintiff passed an Agent in Charge promotional exam. The eligibility list did not expire as long as you completed one developmental course of OIU/OSP training along with the most current Performance evaluations must be in the "Meets" or above category. Plaintiff was in compliance with the requirements of this Promotional Policy from 2015-2018.

**13.** In 2017, Defendant decided to secure Plaintiff's resignation or discharge by creating and implementing a new step in the Promotional Process which consisted of a Career Interview which would be composed of a Panel of three (3) Interviewers for the Assistant

3

Agents in Charge and Enforcement Agents according to the Ohio State Patrol- OSP Promotion Process Policy.

14. Defendant's decision to add a Career Interview to the Promotional Process was triggered by prior charges of discrimination or retaliation and reasonable cause findings of the EEOC on the charges by Plaintiff that Defendant had violated Title VII.

15. In March 2018, Defendant began to implement its resign/discharge decision by conducting Career Interviews for promotions for Assistant Agents in Charge to Agent in Charge with a Career Panel of three (3) Interviewers as per the OSP Promotion Process with a Panel which consisted of Captain Gary Allen, Staff Lt. Jeremy Landis, and Enforcement Commander Eric Wolf.

16. On April 2, 2018, Plaintiff was informed by Captain Gary Allen she did not successfully pass the Career Interview and failed two dimensions out of six dimensions, which included Leadership and Administrative and was being removed from the Promotional List although Plaintiff had maintained standing on the Promotional List since March 2015.

17. Plaintiff filed an Appeal on April 6, 2018 and as of the date of this filing September 30, 2021. Plaintiff has never received a response regarding the Career Interview Appeal.

18. In August 2018, Enforcement Agents had a Career Interview for the Agent to Assistant Agents in Charge. The Enforcement Agents had a Career Interview with only two Career Interviewers which consisted of Captain Gary Allen and Enforcement Commander Eric Wolf. The Defendant deviated from its own Promotion Process Policy by interviewing the

4

Enforcement Agents with only two Career Interviewers instead of the required three Career Interviewers whom were required according to the Defendant's own Policy.

**19.** The same Career Interviewers interviewed both the Assistant Agents-in-Charge and the Enforcement Agents and asked the same 6 questions to each Interviewee and determined based off their own subjective opinions whom should stay on the list or should be removed from the list which is not in accordance with any laws, rules, or regulations.

**20.** In 2018, the Plaintiff was the only African American whom had a Career Interview for promotion and was the only one whom the Defendant removed from the promotion list and informed that she allegedly did not pass the Career Interview by the three Career Interviewers. Although the Interviewers were not taking notes or paying attention to the Plaintiff's responses during the interview. The Plaintiff has not been invited back for any Career Interviews since 2018 due to being removed from the eligibility list because of retaliatory reasons.

**21.** In 2018, all the White Males and Females passed their Career Interviewers. Two White Males whom were interviewed by a panel of two Career Interviewers, consisting of Gary Allen and Eric Wolf, passed their Career Interviews, have both maintained standing on the promotion list since 2018, and continue to be invited back each year for a Career Interview so they can be eligible for future promotions although they were missing a member on the Career Panel needed for them to have been made eligible.

**22.** In 2018, One of these two White Males was promoted to an Assistant Agent in Charge during this same promotional cycle although he was only interviewed by the Career Interview Panel of two (2) consisting of Captain Gary Allen and Enforcement Commander Eric Wolf. With only two members out of the required three members this would have

deemed him ineligible to be promoted to an Assistant Agent in Charge. However, he was still promoted to an Assistant Agent in Charge and is now eligible to be promoted to an Agent in Charge.

23. *OSP-503-07 Promotional Process – Assistant Agent-In-Charge to Agent-In-Charge policy states:*

*Removal from Promotional Eligibility*: Notification from Office of Personnel will be sent if the AAIC is removed from the promotional eligibility pool.

*Review and Appeal of Written Exam, Oral Interview and Career Interview Results:*

Candidates wishing to review appeal the results of the written exam or career interview results must do so in writing within 15 calendar days of receiving notification of tests results, non-selection based on oral interview board process or career interview results.

24. Plaintiff has never notified by the Office of Personnel or the Department of Administrative Services she was removed from the promotional eligibility pool nor has the Career Interview Appeal she submitted on April 6, 2018 ever been answered.

25. According to the Ohio Administrative Code (OAC) Chapters 123:1-23-01, 123:1-15, and 123: 1-17 and the civil service rules and regulations Plaintiff should have remained in the eligibility pool along with the Defendant's own promotional policies they deviated from in order to retaliate against the Plaintiff.

26. Defendant continually revises the Assistant Agent in Charge Promotional Policy as ways to circumvent promoting the Plaintiff since she has engaged in prior protected activity and to date the Assistant Agent in Charge promotional policy. Is the only promotional policy the Defendant constantly revises in order to prevent the Plaintiff any chances of further promotion beyond an Assistant Agent in Charge.

6

27. Plaintiff has continuously maintained outstanding Performance Evaluations with "Meets" or above and does not have any discipline on her Deportment Record, however, she was still removed from the promotion list in order to prevent her from being promoted beyond an Assistant Agent in Charge since she has persistently opposed treatment she sincerely and reasonably believed was discriminatory or retaliatory.

28. Defendant has customarily distinguished among candidates by favoring those with higher educational achievement over those with only high-school degrees, but it deviated from that custom when removing the Plaintiff from the promotion list.

29. The promotions denied to Plaintiff would have paid her higher salary and benefits and placed her on a career path for later promotions.

30. But-for Defendant's retaliatory animus, it would have appointed or promoted

      i. Plaintiff in the period from 2018 to date.

31. Plaintiff has observed that for more than 13 years no females had been promoted to Agent in Charge positions and most males promoted were White.

32. The Ohio Investigative Unit has 21 current Supervisory Enforcement Agents, 20 are White (15 White Males, 5 White Females, and 1 Black Female). One White Male (Newly created Senior Enforcement Commander), One White Male (Enforcement Commander), Two Vacant Agent-in-Charge Positions (Akron and Athens), Four White Males (Agent-in-Charges), One White Female (Agent-in-Charge), 13- 4 White Females and 9 White Males (Assistant Agent-in-Charges), and One Black Female (Assistant Agent-in-Charge).

33. Plaintiff timely filed a Charge Affidavit with the Equal Employment Opportunity Commission (EEOC) alleging all of the retaliatory acts alleged above. The EEOC issued the

7

following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims has no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having raised by this charge and issued to Plaintiff a Notice of Right to Sue.

34. Plaintiff has been unable, despite the exercise of reasonable diligence, to secure a position comparable in salary, benefits, and/or career opportunities to the positions she has been denied by Defendant.

35. Defendant's retaliation proximately caused Plaintiff emotional distress, anguish, frustration, and humiliation as she daily lives in apprehension that it will concoct grounds for discharge and/or harass her to the point that she resigns because continuing to work for it becomes intolerable and has expended considerable time, energy, and emotion in trying to advance her career and be treated equally.

## V. Claim for Relief: Retaliation in Violation of Title VII of the Civil Rights Act of 1964.

36. Paragraphs 1 through 40 above are realleged and incorporated herein

37. By engaging in harassment, including removal from a promotional list to prevent further promotions, and unequal terms and conditions of employment, against Plaintiff for filing administrative charges of discrimination and retaliation and opposing practices she sincerely and reasonably believed were discriminatory and retaliatory, Defendant has committed retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*.

8

## VI.  Prayer for Relief

WHEREFORE, Plaintiff prays that this Court:   declare that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*;

38.  order such injunctive and equitable relief as will make Plaintiff whole for Defendant's violations, including instatement with full back pay, expungement, and pre- and post-judgment interest;

39.  award compensatory damages in excess of $75,000;

40.  grant such other relief as the Court may deem appropriate.

Respectfully submitted,

By: *Angela V. Dudley*

(*logannberry1@aol.com*)

23818 Rushmore Drive

Richmond Heights, Ohio 44143

(216) 536-7404

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

By: *Angela V. Dudley*

Angela V. Dudley

SD03 (Rev. 9/97)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

Angela V. Dudley                                      :
(Enter above the full name of the plaintiff in this
action)

         v.                                    :          Case No. _____

Ohio Department of Public Safety                     :

1970 West Broad Street                               :          COMPLAINT UNDER
                                     42 U.S.C. 2000e-5(f)(1)

Columbus, Ohio 43223                                 :
(Enter the above full name of the defendant or       :
defendants in this action)

## I.  Parties

(In item A below, place your name in the first blank and place your present address and telephone number (or telephone number where you can be reached) where indicated in the following blanks.)

A.  Name of Plaintiff  Angela V. Dudley _____

     Address  23818 Rushmore Drive, Richmond Heights, Ohio 44143 _____

     Telephone No.  216-536-7404 _____

Under 42 U.S.C. 2000e-5(f)(1) suit may only be "brought against the respondent named in the charge" of unlawful employment practice you filed with the Ohio Civil Rights Commission and/or the Equal Employment Opportunity Commission.  ATTACH A COPY OF THE CHARGE YOU FILED WITH THE OHIO CIVIL RIGHTS COMMISSION AND/OR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION TO THIS COMPLAINT. In item B below list the name and address of the employer against whom you filed the charge. In item C below, list the name and address of any other person(s) you named in the charge you filed with the Ohio Civil Rights Commission and/or the Equal Employment Opportunities Commission.

B.  Defendant  Ohio Department of Public Safety _____
                 (As named in the attached charge)
     Address  1970 West Broad Street _____

               Columbus, Ohio 43223 _____

-1-

C.    Additional defendants (as named in the attached charge):

_____

_____

_____

## II.    The Court has jurisdiction under 42 U.S.C. §2000e-5(f)(1).

A.    The date the notice of right to sue was issued by the Equal Employment Opportunity
commission was  July 21, 2021_____.

B.    The date you received the notice of right to sue was  July 21, 2021_____.

C.    ATTACH A COPY OF THE NOTICE OF RIGHT TO SUE TO THIS COMPLAINT.

## III.    Statement of Claim

The Equal Employment Opportunities Act provides, in part, that

(a)    it shall be an unlawful employment practice for an employer --

(1)    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate
against any individual with respect to his compensation, terms, conditions, or
privileges of employment, because of such individual's race, color, religion, sex, or
national origin.

42 U.S.C. §2000e-2(a)(1). Other unlawful employment practices are set out in 42 U.S.C. §2000e-2(a)
through (d).

State here as briefly as possible the *facts* of your case. Describe how each defendant is involved. Include
also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any
cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in
a separate paragraph. Use as much space as you need. Attach an extra sheet if necessary.

This action seeks back pay, compensatory damages; declaratory, injunctive and equitable

relief; prejudgment and post-judgment interest; for the violation of Title VII of the Civil

Rights Act of 1964 committed by Defendant when it retaliated through harassment,

including removal from a promotional list to prevent further promotions, and unequal

terms and conditions of employment, against Plaintiff for filing administrative charges of

discrimination and retaliation and/or opposing practices she sincerely and reasonably

believed were discriminatory and retaliatory.

-2-

## IV.  Relief

(*State briefly exactly what you want the Court to do for you*. Make no arguments. Cite no cases or statutes.)

WHEREFORE, Plaintiff prays that this Court:   declare that Defendant has violated Title VII of

the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; order such injunctive and equitable relief as

as will make Plaintiff whole for Defendant's violations, including instatement with full back pay,

expungement, and pre-and post-judgment interest;  award compensatory damages in

damages in excess of $75,000; grant such other relief as the Court may deem appropriate.


_____
(Signature of Plaintiff)


I declare under penalty of perjury that the foregoing is true and correct.


09/30/2021
_____          _____
(Date)                                                    (Signature of Plaintiff)


-3-

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Angela V. Dudley**
**23818 Rushmore Drive**
**Richmond Heights, OH 44143**

From: **Cleveland Field Office**
**EEOC, AJC Fed Bldg**
**1240 E 9th St, Ste 3001**
**Cleveland, OH 44199**

| | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **532-2019-02956** | **Elmeaco J. Mallory,**<br>**Investigator** | **(216) 306-1119** |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Dana R. Hutter*
_____
**Dana R. Hutter,**
**Deputy Director**

07/21/2021
_____
*(Date Issued)*

Enclosures(s)

cc: **Mrs. Toby Chambliss**
**EEO Manager**
**OHIO DEPT. OF PUBLIC SAFETY**
**1970 W. Broad St.**
**Columbus, OH 43223**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*