UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANGELA V. DUDLEY,** | : | |
| **Plaintiff,** | : | |
| v. | : | Case No. 2:21-cv-4961<br>Judge Sarah D. Morrison<br>Magistrate Judge Kimberly A. Jolson |
| **OHIO DEPARTMENT OF PUBLIC SAFETY,** | : | |
| **Defendant.** | : | |

## OPINION AND ORDER

Angela V. Dudley brought this action against the Ohio Department of Public Safety under Title VII, alleging that the Department retaliated against her for filing administrative charges of discrimination and retaliation and for opposing practices that she believed were discriminatory and retaliatory. (Compl., ECF No. 1, ¶¶ 1, 36–37.) Currently before the Court is Defendant's Motion for Summary Judgment. (ECF No. 24.) The Motion is fully briefed and ripe for decision.[1] For the reasons below, Defendant's Motion is **GRANTED**.

I. STATEMENT OF FACTS

Ms. Dudley is a 25-year veteran of the Department of Public Safety's Ohio

---

[1] The Southern District of Ohio's Local Rules require the filing of a response to a motion and permit the filing of a reply brief, but "[n]o additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). In addition to her Opposition to the Motion for Summary Judgment, Ms. Dudley filed a memorandum that she titled "Reply in Support of Opposition to Defendant's Motion for Summary Judgment" (ECF No. 31) without first seeking leave of court. That additional memorandum is **STRICKEN**.

Investigative Unit ("OIU"). (Dudley Dep., ECF No. 23, 11:17–12:10.) In 2001, she was promoted to be an Assistant Agent-in-Charge ("AAIC") in the Cincinnati District. (*Id.* 12:11–24.) She then worked as an AAIC in several OIU districts before going to the Cleveland District in 2003. (*Id.* 13:1–15:17.) She continues to work in the Cleveland District as an AAIC today. (*Id.* 14:11–14.)

According to Ms. Dudley, after she was promoted to AAIC, she began experiencing retaliation, harassment, and discrimination on the job. (ECF No. 27, PageID 827.) As a result of her alleged mistreatment, Ms. Dudley has filed eight lawsuits and at least three charges with the EEOC against the Department. (*Id.*) Two of her EEOC charges are still pending at the EEOC, Charge Numbers 532-2018-01534 and 532-2022-03299. (*Id.*)

This case arises out of EEOC Charge No. 532-2019-02956 ("2019 Charge"). (*See* Compl. PageID 13.) The 2019 Charge alleges that Ms. Dudley experienced race and age discrimination and retaliation that occurred on September 10, 2019 as follows:

> I previously filed Charge No.: 532 2018 01534 and various others with the EEOC against the Respondent.
>
> In retaliation for filing various charges against the Respondent the Respondent has intentionally added an additional step for the eligible candidates on the promotional list for the upcoming Agent-In-Charge Promotion Exam which removes me from the current eligible list.
>
> I believe I am being retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended, (Title VII) and the Age Discrimination in Employment Act of 1967, as amended, (ADEA).

(Ex. A to Dudley Dep., ECF No. 23-1, PageID 644.) The 2019 Charge is dated September 26, 2019 and it was received by the EEOC on October 1, 2019. (*Id.*)

On July 21, 2021, the EEOC notified Ms. Dudley that it was closing its file on the 2019 Charge without determining the merits of her allegations and advised her of her right to sue the Department. (Compl. PageID 13.) Ms. Dudley then filed her Complaint against the Department on October 5, 2021. (*Id.*) In her Complaint, she brought only a claim for "Retaliation in Violation of Title VII of the Civil Rights Act of 1964." (*Id.* PageID 8.)

The matter is now before the Court on Defendant's Motion for Summary Judgment. Defendant seeks summary judgment on the grounds that Ms. Dudley's retaliation claim is untimely based on when the 2019 Charge was filed with the EEOC and that she cannot establish a prima facie claim of retaliation. (ECF No. 24.)

## II. MS. DUDLEY'S RETALIATION CLAIM IS TIME BARRED.

Title VII requires that "a party must file a charge within . . . 300 days of the date that a discrete retaliatory or discriminatory act 'occurred' or lose the ability to recover for it." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, syllabus (2002); *see also Barrett v. Whirlpool Corp.*, 556 F.3d 502, 511 (6th Cir. 2009) (citing 42 U.S.C. § 2000e–5(e)(1) and *Morgan*) (plaintiff's claims were untimely for Title VII purposes because she did not allege any incident of harassment or retaliation within the limitations period). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a

3

separate actionable 'unlawful employment practice.'" *Morgan*, 536 U.S. at 114. As a result, only those acts "that 'occurred' within the appropriate time period" are actionable. *Id.* If the employee fails to file an EEOC complaint related to that action within the allowed statutory period, a defendant employer is entitled to treat a past act as lawful. *United Air Lines v. Evans*, 431 U.S. 553, 558 (1977). A charge is deemed filed when the EEOC receives it. 29 C.F.R. § 1601.13(a)(4)(ii)(A).

According to the Complaint, Ms. Dudley's retaliation claim is based on: (1) the Department's decision to require a new step in the process for AAICs to promote to Agent-in-Charge ("AIC"), (2) her removal from the promotional list, and (3) the Department's failure to promote her. (Compl. ¶¶ 13–16, 27–30.)All these claims are time-barred because more than 300 days passed between the dates of those incidents and the date the EEOC charge was filed.[2] By her own admission: (1) the Department's decision to require a new step in an AAIC's promotional process was made in 2016 and implemented in 2017 (ECF No. 27, PageID 829; ECF No. 27-1, PageID 901) and (2) she was removed from the promotional list in April 2018 so she could not be promoted to AIC after that date (ECF No. 27, PageID 860).

In her opposition to Defendant's Motion for Summary Judgment, Ms. Dudley raises many more alleged retaliatory acts, but the only act that she says occurred in the 300 days before the 2019 Charge was filed was an incident in January 2019 in

---

[2] Her removal from the promotional list is the subject of EEOC Charge Number 532-2018-01534. (Ex. H of Dudley Dep., ECF No. 23-1, PageID 672.)

which Gary Allen asked her to read out loud in front of a class to humiliate her.[3] (ECF No. 27, PageID 851–52.) However, Ms. Dudley also admits that Mr. Allen told her that her attendance at the class was optional (*Id*. at PageID 852) and there is no evidence that she was ever required to read aloud in front of any class.

Accordingly, Defendant is entitled to summary judgment on Ms. Dudley's retaliation claim.

### III. THE COURT WILL NOT ENTERTAIN MS. DUDLEY'S NEW CLAIMS.

In her response to Defendant's Motion for Summary Judgment, Ms. Dudley seems to be seeking to add claims not alleged in her Complaint. (*See*, *e.g.*, ECF No. 27, PageID 832 (alleging that Defendant discriminated against her on the basis of race and referring to "disparate impact"); ECF No. 27-1, PageID 875 (stating that her pleadings allege claims of race discrimination, age discrimination, and retaliation)). However, a plaintiff may not assert new claims in her response to summary judgment. *Rafferty v. Trumbull Cnty.*, 758 F. App'x 425, 429 (6th Cir. 2018); *see Carter v. Ford Motor Co.*, 561 F.3d 562, 567–69 (6th Cir. 2009). To add new claims at this stage of litigation, a plaintiff must receive permission to amend

---

[3] Ms. Dudley also alleges that she applied for an AIC position in Akron in September 2021 (after the 2019 Charge was filed) and she was never given an interview or other response from Defendant. (ECF No. 27-1, PageID 874.) Ms. Dudley does not argue that this retaliatory act could have been reasonably expected to grow out of her 2019 Charge. *See Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) ("Federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge."); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 832–33 (6th Cir. 1999) (same). Rather, she states that she filed an EEOC Charge in 2022 addressing this action. (ECF No. 27-1, PageID 874).

her complaint, either by acquiring the defendant's written consent or with leave of Court. Fed. R. Civ. P. 15(a)(2). Ms. Dudley has done neither. The Court will not entertain new claims.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF No. 24) is **GRANTED**. Judgment is entered in favor of Defendant the Ohio Department of Public Safety and the Clerk is **DIRECTED** to terminate the case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**